Irving SALTZ, Appellant,

v.

John F. LEHMAN, Secretary of
the Navy.

No. 81-1790.

United States Court of Appeals,
District of Columbia Circuit.

Submitted Without Oral Argument.

Decided March 9, 1982.

Miller Marshall, Washington, D. C., was on the brief for appellant.

Charles F. C. Ruff, U.S. Atty., Washington, D.C., at the time the brief was filed, Royce C. Lamberth, Kenneth M. Raisler and Diane M. Sullivan, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before ROBB and WALD, Circuit Judges, and GERHARD A. GESELL,* United States District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

This appeal is from a district court order granting appellee's (defendant below) motion to dismiss appellant's (plaintiff below) Title VII claim for lack of subject matter jurisdiction. Appellant's complaint against the Naval Material Command Support Activity ("NMCSA" or "agency"), Department of the Navy, alleged discrimination based upon appellant's non-selection for three GS–14 vacancies, which were filled on June 20, 1972, September 15, 1973, and February 2, 1974. Appellant first notified an Equal Employment Opportunity Counselor at the agency on November 9, 1974. He formally complained to the Department of the Navy on March 28, 1975. After investigation of the complaint, NMCSA issued notice that it found no discrimination. After a hearing, an examiner from the Federal Employee Appeals Authority, Civil Service Commission, likewise found no discrimination; the Secretary of the Navy agreed, but the Appeals Review Board of the Civil Service Commission rescinded the agency's decision for failure to consider all issues raised. On rehearing, the examiner again found no dis-

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

crimination and the Secretary issued the agency's final decision to that effect. Appellant unsuccessfully appealed to the Equal Employment Opportunity Commission ("EEOC"), which also found no discrimination. Appellant then brought suit in the district court, where the government argued, *inter alia*, that the court lacked subject matter jurisdiction because of appellant's failure to adhere to 5 C.F.R. § 713.214(a)(4) (1978), which requires initial Title VII complaints to be brought to the attention of the agency Equal Employment Opportunity Counselor within thirty days.[1]

The Supreme Court has very recently resolved the question of whether the timely-filing requirement of section 706 of Title VII, 42 U.S.C. § 2000e-5(e), (f), is a jurisdictional prerequisite to a suit in a district court, concluding that it is not. *Zipes v. Trans World Airlines, Inc.,* —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d —— (1982). The Court found the requirement to be more "like a statute of limitations, [which] is subject to waiver, estoppel, and equitable tolling." —— U.S. at ——, 102 S.Ct. at 1132; *see also Bethel v. Jefferson,* 589 F.2d 631 (D.C.Cir.1978); *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 474–75 (D.C.Cir. 1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). This analysis is applicable also to section 717's filing limitations. *Cf. Milton v. Weinberger,* 645 F.2d 1070, 1074 (D.C.Cir.1981) ("[A] late filing *normally* would bar [section 717] claims . . ." (emphasis added); equitable tolling neither requested nor considered). Thus, the fifth circuit, in *Huntley v. Department of Health, Education and Welfare,* 550 F.2d 290 (5th Cir. 1977), has concluded that "once [a] government agency [has] accepted [a] complaint and [has] acted on it, the time limit mentioned in the regulation is not mandatory." *Id.* at 295 (footnote omitted). However, in *Oaxaca v. Roscoe,* 641 F.2d 386 (5th Cir. 1981), the fifth circuit subsequently confined *Huntley* to cases where the agency investigation resulted in a finding of discrimination. *Id.* at 390. *Oaxaca* rejected the contention that, by merely accepting and investigating a tardy complaint, an agency waives its objection to a complainant's failure to comply with time-filing prescriptions. *Id.* The fifth circuit, however, remanded the *Oaxaca* case to the district court to determine whether Oaxaca was aware of the time limits or whether the equities nevertheless warranted equitable tolling of the thirty-day period.

 Appellee here—in contrast to the more rigid position he took in the district

---

1. 29 C.F.R. § 1613.214(a)(i) and (ii) reads in full:

> (a) *Time limits.* (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if—
>
> (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date; and
>
> (ii) The complainant or his representative submitted his written complaint to an appropriate official within 15 calendar days of the date of his final interview with the Equal Employment Opportunity Counselor.

The regulations establishing the thirty-day limitation were promulgated by the Civil Service Commission pursuant to section 717(b) of Title VII, 42 U.S.C. § 2000e-16(b) (1976). The regulations *require* ("The agency shall . . .") the government to extend the thirty-day limit if the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or . . . for any other reason considered sufficient by the agency.

29 C.F.R. § 1613.214(a)(4) (1980), formerly 5 C.F.R. § 713.214(a)(4) (1978).

The Civil Service Commission's regulations were originally codified at 5 C.F.R. §§ 713.-201–.283 (1978). Federal government equal employment opportunity enforcement, including the regulatory power vested in the Civil Service Commission pursuant to Section 717(b) of Title VII, 42 U.S.C. § 2000e-16(b) (1972), was transferred to the EEOC by the President in Section 3 of Reorganization Plan No. 1 of 1978, 43 Fed.Reg. 19,807, 92 Stat. 3781, [9801] pursuant to 5 U.S.C. §§ 901 *et seq.* (1976). As a result, the regulations were recodified without substantial modification at 29 C.F.R. §§ 1613.201–.283 (1980).

court—acknowledges that Title VII's time requirements are subject to equitable modification, but maintains that appellant has made no showing to support equitable tolling. The district court in its order dismissing the complaint also acknowledged—*albeit* in a summary fashion—that equitable considerations would permit judicial review in "certain circumstances," but found no such circumstances warranting equitable tolling in this case. Upon review of the record, we agree. In the future, it would, however, be more serviceable to the reviewing court if the district court made a specific inquiry into and findings on the existence or nonexistence of such considerations.´ In the final analysis, however, we believe that the appellant (plaintiff) had the burden of pleading and proving in the district court any equitable reasons for his failure to meet the thirty-day requirement, and he did not do so. We therefore *affirm* the dismissal.