Wesley SMITH, Plaintiff,

v.

Mike OUZTS and Cecil Johnson, Defendants.

Civ. A. W85–0198(B).

United States District Court, S.D. Mississippi, W.D.

Feb. 25, 1986.

Wesley Smith, pro se.

Gerald E. Braddock, Vicksburg, Miss., Billy Patterson, Jackson, Miss., for defendants.

## ORDER

BARBOUR, District Judge.

The Court, having considered Defendants' Motion to Dismiss, finds that the Motion is not well taken and is hereby denied. Plaintiff is a *pro se* prisoner who submitted his Complaint, together with his Application to proceed *in forma pauperis* and supporting affidavit, to the office of the Clerk of the Court on May 25, 1985. His file was referred to the Magistrate who entered an Order on November 19, 1985, allowing Plaintiff to proceed *in forma pauperis* and directing the Clerk to file the Complaint, which was done on November 19, 1985. *See, e.g.,* 28 U.S.C. § 1915(a).

The Complaint alleges Section 1983 claims based upon assaults upon Plaintiff which occurred on August 26, 1984. Defendants' Motion to Dismiss correctly asserts that under *Gates v. Spinks,* 771 F.2d 916 (5th Cir.1985) the one year statute of limitations set forth in Section 15–1–35 of *Miss. Code Ann.* (Supp.1984) is applicable to this type of claim. However, since the Plaintiff had no control over when the Magistrate would allow his Complaint to be filed, the operable date for the purposes of the statute of limitation is the date of receipt by the Clerk of the Court.