**Sharee D. BROOKS, Plaintiff,**

v.

**Edward J. DERWINSKI, Defendant.**

**Civ. A. No. 90–0073 (CRR).**

United States District Court, District of Columbia.

May 16, 1990.

---

5.   There is no claim that plaintiff was in a hospital or out of town for over two months.

Sharee Darel Brooks, Washington, D.C., pro se.

Jay B. Stevens, U.S. Atty. for District of Columbia, John D. Bates and Jill D. Flack, Asst. U.S. Attys. for District of Columbia, for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

The plaintiff, a former federal employee proceeding *pro se* and *in forma pauperis*, is suing the defendant for discrimination in violation of Title VII. The defendant has filed a motion to dismiss, arguing that the Court does not have subject matter jurisdiction over this claim because it was filed more than thirty days after the plaintiff received the final agency decision. *See* 42 U.S.C. § 2000e–16(c). Both parties agree that the plaintiff received notice of the final agency ruling of no discrimination on December 2, 1989. Although the defendant argues that the plaintiff's suit was not filed until January 11, 1990, a closer inspection of the official Court records in this case indicates that the plaintiff "filed" her Complaint on January 2, 1990, or thirty-one days after receipt of the final agency decision.[1]

Thus, the question before the Court is whether the plaintiff's Complaint should be dismissed because it was filed one day late. If the defendant were correct in arguing that the 30–day time limit is "jurisdictional"—as opposed to something akin to a statute of limitations—and therefore not subject to any enlargement or tolling, the Court would have no choice but to grant the motion to dismiss. However, the two cases that the defendant cites as support for the proposition that, in this Circuit, the 30-day time limit is jurisdictional contain out-dated dictum. *See Richardson v. Wiley*, 569 F.2d 140, 142 (D.C.Cir.1977); *Coles v. Penny*, 531 F.2d 609, 613 (D.C.Cir. 1976). Settling what previously may have been an open question, a more recent case from this Circuit reversed a district court's ruling that the 30-day time limit was jurisdictional and held that "§ 2000e–16(c) is subject to equitable tolling." *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1054 (D.C.Cir.1988); *see also id.* at 1054 n. 5 (noting that "jurisdictional" language in *Richardson* and *Hofer v. Campbell*, 581 F.2d 975 (D.C.Cir.1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979), was dictum with no independent reasoning).

In view of the *Mondy* court's ruling that the 30-day time limit is "non-jurisdictional," *id.* at 1057, the Court holds that, under the unusual circumstances of this case, the plaintiff's Complaint should not be dismissed for having been filed one day "late".[2] The defendant has not shown—

---

1. It is perfectly understandable for the defendant to have taken the position that the plaintiff's Complaint was filed on January 11, 1990. The Court realizes that, as a result of the Clerk's Office's procedures for *in forma pauperis* complaints, several dates conceivably could be used to establish the "filing date." When a complaint with an application to proceed *in forma pauperis* first arrives at the Courthouse, the date of receipt is stamped on the back of the original complaint, but it is not immediately treated as a newly opened case and is not yet "filed" in the traditional sense of that word. In this case, the back of the *original* Complaint is date-stamped January 2, 1990 (although the Court's Chambers copy—and presumably also the defendant's copy—of the Complaint does not reflect this). Then, on January 9, 1990, leave to file without prepayment of costs was granted. Finally, on January 11, 1990, this case was "filed" as a new case, entered into the Court's computerized case tracking system, and assigned to this member of the Court. As the foregoing demonstrates, by January 2, 1990 the plaintiff had done all she could do, and the elapsed time period between January 2 and January 11, 1990 is attributable to the Court's procedures. Therefore, for the purposes of the deciding whether the plaintiff's Complaint was timely filed, the Court will treat January 2, 1990 as the date of filing. *See Paulk v. Department of Air Force*, 830 F.2d 79, 82–83 (7th Cir.1987).

2. It should be noted that there is a split among the circuits over this issue and that "[t]he Supreme Court has granted *certiorari* on the question whether the 30-day period for filing suit for federal employees pursuant to § 2000e–16(c)

and the Court cannot conceive of—any prejudice resulting from this one-day delay. *See id.* ("The Army does not assert that it has been disadvantaged by its belated notice of appellant's claim."). In addition, the plaintiff in this case is proceeding, *pro se* and *in forma pauperis,* along the complicated Title VII path and has filed a handwritten Complaint and other pleadings. Moreover, the Court takes very seriously its responsibility to further "Title VII's remedial purpose." *Id.* at 1054 (citing *Zipes v. Trans World Airlines,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982)).

In light of the foregoing and the overall record in this case, the Court holds that an overly strict, technical application of Title VII's 30–day time limit to dismiss this Complaint would be not only inequitable and contrary to the remedial principles underlying Title VII but also " 'particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.' " *Zipes,* 455 U.S. at 397, 102 S.Ct. at 1134 (quoting *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)). Dismissal at this stage for the reason that the defendant now urges simply is too drastic and disproportionate a sanction for the plaintiff's *de minimis* failure of filing her Complaint one day after the expiration of the 30–day time limit.

Accordingly, it is, by the Court, this 16th day of May, 1990,

ORDERED that the defendant's Motion to Dismiss shall be, and hereby is, DENIED.

is an absolute jurisdictional requirement, or is instead subject to equitable tolling." *Rao v. Baker,* 898 F.2d 191, 194 n. 7 (D.C.Cir.1990) (citing *Irwin v. Veterans Administration,* — U.S. —, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (Feb. 20, 1990)). Because the Supreme Court probably will not resolve this issue until next term, this Court will apply this Circuit's current law, i.e. *Mondy,* for the purposes of resolving the defendant's motion to dismiss. Of course, the Court's ruling announced herein does not completely settle this issue because, if the Supreme Court at some later date rules that the 30–day time limit is strictly jurisdictional, this Court would be required—at the suggestion of the parties or *sua sponte*—to revisit this issue to fulfill its continuing obligation of determining, throughout the pendency of any case before it, whether it has subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3).