**Lawrence W. HARPER, Plaintiff,**

v.

**GEORGETOWN UNIVERSITY, Defendant.**

**Civ. A. No. 90–351.**

United States District Court, District of Columbia.

Aug. 21, 1990.

James Richmond, Washington, D.C., for plaintiff.

Laura Masurovsky, Williams & Connolly, Washington, D.C., for defendant.

MEMORANDUM OPINION

HOGAN, Judge.

Before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure. In consideration of the motion, and the responses filed thereto, the Court shall dismiss plaintiff's complaint for failure to have filed with the EEOC within the statute of limitations.

Plaintiff Lawrence W. Harper brought this action on February 15, 1990, alleging that he was terminated from his employment as an accountant with defendant Georgetown University on account of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Defendant Georgetown University (hereinafter "Georgetown") raises two grounds in support of its motion. One, Georgetown contends that Mr. Harper failed to file his complaint within 90 days of his receipt of the EEOC's notice of right to sue, as required by 42 U.S.C. § 2000e–5(f)(1). Two, Georgetown asserts that Mr. Harper failed to file his complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC") within the statutory period of 180 days, as required by 42 U.S.C. § 2000e–5(e).[1]

Pursuant to 42 U.S.C. § 2000e–5(f)(1), a complainant must file a Title VII claim in federal district court within 90 days of receiving a right-to-sue letter from the EEOC. Contrary to Georgetown's assertions, Mr. Harper filed his complaint in this Court within 90 days of his receipt of the EEOC's notice of the right to sue. Mr. Harper filed a complaint with the District of Columbia Office of Human Rights on January 27, 1990. On that same date, he cross-filed his complaint with the EEOC. On November 29, 1989, Mr. Harper received his notice from the EEOC of his right to sue. Mr. Harper filed the instant complaint on February 15, 1990, well within 90 days of receiving the EEOC's notice. Thus, the Court shall deny defendant's motion to dismiss for failure to file his complaint within 90 days of receipt of the EEOC's notice of right to sue.[2]

Pursuant to 42 U.S.C. § 2000e–5(e), a charge must be filed with the EEOC within 180 days of the alleged unlawful employment practice.[3] The timely filing of a charge with the EEOC is not a jurisdictional requirement, but is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The Court's equitable power to toll the statute of limitations should be exercised "only in extraordinary and carefully circumscribed instances." *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C.Cir.1988). In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam), the Supreme Court suggested several situations in which a court may properly allow equitable tolling of the statute of limitations. Tolling may be appropriate where "a claimant has received inadequate notice, ... where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, ... where the court has led the plaintiff to believe that she had done every-

1. In its original motion to dismiss, Georgetown only raised the first ground, failure to file within 90 days of receipt of the right to sue. Georgetown raised the second ground, failure to file with the EEOC within 180 days of the alleged discriminatory conduct, in its reply to plaintiff's opposition. The Court provided Mr. Harper with an opportunity to respond to Georgetown's second argument, by ordering plaintiff to file a response to the defendant's reply. Mr. Harper filed a response on August 3, 1990. Subsequently, Georgetown responded to Mr. Harper's memorandum with a Supplemental Reply Memorandum in Support of its Motion to Dismiss.

2. Although the complaint was filed on February 15, 1990, Mr. Harper did not *serve* Georgetown until June 13, 1990. Mr. Harper filed proof of service with the Court on June 14, 1990. In its reply to Mr. Harper's opposition, Georgetown asserts that the complaint should be dismissed because Mr. Harper failed to effect reasonably timely service on Georgetown. On April 7, 1990, the Court had ordered Mr. Harper to file proof of service within 30 days. Rule 4(j) of the Federal Rules of Civil Procedure provides that service of the summons and complaint be made within 120 days after the filing of the complaint. Mr. Harper complied with the 120 day rule of the Federal Rules, thus his service of the complaint will be considered timely.

3. 42 U.S.C. § 2000e–5(e) provides:

A charge under this section shall be filed within one hundred eighty days after the alleged unlawful employment practice occurred....

thing required of her, ... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Id.* at 151, 104 S.Ct. at 1725 (citations omitted); *see also Mondy,* 845 F.2d at 1057.

Mr. Harper was terminated from his employment on February 3, 1987. He filed his charge alleging violation of Title VII with the EEOC and the District of Columbia Office of Human Rights on January 27, 1988, well beyond the 180 days provided by 42 U.S.C. § 2000e–5(e). The Court can find no basis to justify equitable tolling in this instance. None of the factors identified by the Supreme Court in *Baldwin County Welcome Center* applies to the instant case. Mr. Harper raises no specific reason to justify tolling in this case, apart from the fact that the defendant does not claim to have been injured by failure to abide by the statute of limitations. However, absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling. Instead, it is a factor to be considered in determining whether equitable tolling should apply once a factor that might justify such tolling is identified. *Baldwin County Welcome Center,* 466 U.S. at 152, 104 S.Ct. at 1726. Thus, Mr. Harper's complaint should be dismissed for failure to file his charge with the EEOC within the statutorily required 180 day period.

 The fact that Mr. Harper filed his charge with the District of Columbia Office of Human Rights concurrently with the EEOC does not dictate a different outcome. Mr. Harper filed his charge with the Office of Human Rights on January 27, 1988, more than 300 days after the alleged unlawful employment practice, which occurred on February 3, 1987. Thus, his Title VII claim was untimely filed with the Office of Human Rights.[4] Mr. Harper's claim was timely filed under the statute of limitations provided in the District of Co-

lumbia Human Rights Act, D.C.Code § 1–2544. However, the instant case is brought for violation of Title VII, and is not based on a violation of the District of Columbia Human Rights Act. Mr. Harper's administrative complaint was dismissed by the Office of Human Rights on March 17, 1989. *See* Exhibit A to Defendant's Supplemental Reply Memorandum at 3. Thus, the statute of limitations has run on any judicial claim Mr. Harper may have had pursuant to the District of Columbia Human Rights Act.

For the foregoing reasons, Mr. Harper's complaint shall be dismissed for failure to file with the EEOC within 180 days of the alleged discriminatory conduct.

---

4. 42 U.S.C. § 2000e–5(e) provides:

[I]n a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ..., such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier....