**Edward RATTNER, Plaintiff,**

v.

**William J. BENNETT, et al., Defendants.**

**Civ. A. No. 88–1446 SSH.**

United States District Court, District of Columbia.

Dec. 20, 1988.

Bridget R. Mugane, Washington, D.C., for plaintiff.

Wilma A. Lewis, Asst. U.S. Atty., U.S. Attorney's Office, Washington, D.C., for defendants.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on certain defendants' motion to dismiss. For the reasons set forth below, that motion is granted.

### Background

The above-captioned action is brought under the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.*, the Fifth Amendment, and common law principles in tort. Plaintiff, a former GS–15 Operations Research Analyst with the Department of Education, alleges discrimination on the basis of age and handicap (hearing impairment), reprisal, constructive discharge, violation of due process, and infliction of mental distress.[1] Named as defendants are William J. Bennett in his official capacity as Secretary of Education; John D. Klenk and Alan L. Ginsburg, plaintiff's former supervisors, sued in their individual and official capacities; and the United States. Plaintiff seeks reinstatement, backpay, frontpay, and concomitant benefits; liquidated damages; punitive and compensatory damages; and attorney's fees and costs.

Defendants Klenk, Ginsburg, and the United States have moved to dismiss.[2] Defendants argue that plaintiff's Fifth

---

1. Prior to filing this action, plaintiff pursued his discrimination claims at the administrative level. The Department of Education issued a final agency decision on December 16, 1987, in which it found no discrimination. Plaintiff appealed. The EEOC's Office of Review and Appeals affirmed the agency decision on April 26, 1988.

2. Bennett has answered the complaint. For simplicity's sake, however, the remainder of this opinion will refer to the three defendants seeking dismissal as "defendants."

Amendment and tort claims, as well as the claims against the United States and the individual defendants, are improper because the ADEA and the Rehabilitation Act set forth specific, exclusive remedies. Defendants further contend that Klenk was never properly served with process, that the claims are barred by the statute of limitations, that plaintiff cannot maintain a *Bivens* action on the facts alleged, and that the individual defendants are shielded on both absolute and qualified immunity grounds.[3] Finally, the United States argues that plaintiff has failed to allege any jurisdictional basis that waives the government's sovereign immunity from money damages.

### Discussion

■ The Court agrees with defendants that the ADEA and the Rehabilitation Act provide exclusive, pre-emptive remedies for plaintiffs pursuing age and handicap discrimination claims.[4] It is well settled that Title VII of the Civil Rights Act of 1964, as amended, sets forth the exclusive remedy for federal government employees' claims of employment discrimination. *See, e.g., Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In *Oscar Mayer and Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), the Supreme Court recognized that, given their "common purpose, the elimination of discrimination in the workplace," pertinent provisions of the ADEA should be interpreted in accordance with Title VII. *Id.* at 755–56, 99 S.Ct. at 2071. More recently, the Court specifically found that section 15 of the ADEA, which provides for judicial enforcement, was modeled after section 717 of the Civil Rights Act. *See Lehman v. Nakshian*, 453 U.S. 156, 164, 101 S.Ct. 2698, 2703–04, 69 L.Ed.2d 548 (1981). In the wake of *Oscar Mayer* and *Lehman*, courts have dismissed constitutional claims brought as part of an ADEA action. *See Purtill v. Harris*, 658 F.2d 134, 137 (3d Cir.1981);

*Paterson v. Weinberger*, 644 F.2d 521, 524–25 (5th Cir.1981). Courts have used a similar approach in dismissing constitutional and tort claims in Rehabilitation Act cases. *See, e.g., McGuinness v. United States Postal Serv.*, 744 F.2d 1318, 1322 (7th Cir.1984). Thus, plaintiff's claims under the Fifth Amendment and for intentional infliction of emotional distress must be dismissed because both the ADEA and the Rehabilitation Act provide exclusive remedies.

■ Moreover, plaintiff cannot name Klenk and Ginsburg as defendants in their individual or official capacities under either Act because the agency head is the proper defendant. "Since section 505(a)(1) [of the Rehabilitation Act] borrows the procedures and remedies of Title VII, the exclusive remedy for a claim that a federal agency discriminated against a handicapped employee ... is a suit against the agency head." *Id.; see also Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir.1986) (holding that "42 U.S.C. § 2000e–16(c), identifying the proper defendant in Title VII discrimination actions, also applies to age discrimination claims brought under the ADEA").

■ Finally, the claims against the United States must be dismissed. Plaintiff seeks punitive and compensatory damages from the United States for violations of plaintiff's Fifth Amendment rights and for pain and suffering. *See* Complaint at 11, p. 7. He also seeks liquidated damages from the United States pursuant to 29 U.S.C. § 633a. *See* Complaint at 11, p 6. The Fifth Amendment and tort claims against the government must be dismissed for the reasons set forth above. The ADEA's liquidated damages provision does not provide a remedy in suits brought by federal employees. *See Smith v. Office of Personnel Mgmt.*, 778 F.2d 258, 260–61 (5th Cir.1985), *cert. denied*, 476 U.S. 1105, 106 S.Ct. 1949, 90 L.Ed.2d 358 (1986). In addition, the

---

3. Because the Court finds that the claims against Klenk and Ginsburg must be dismissed because they are not proper defendants, it need not reach their other grounds for dismissal.

4. Plaintiff appears to concede this point, but argues that his tort and Fifth Amendment claims are raised in the alternative. Plaintiff's Opposition to Defendant's Motion to Dismiss at 2.

**10**

United States is not a proper defendant—only the head of the agency may be sued.

An appropriate Order accompanies this Memorandum Opinion.

### ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the motion to dismiss of defendants Klenk, Ginsburg, and the United States is granted. Accordingly, it hereby is

ORDERED, that plaintiff's Fifth Amendment and tort claims are dismissed. It hereby further is

ORDERED, that Klenk, Ginsburg, and the United States are dismissed as defendants in this action.

SO ORDERED.