**Lola HATCHER–CAPERS, Plaintiff,**

v.

**George W. HALEY, Chairman, Postal Rate Commission, Defendant.**

Civ. A. No. 90–1162 (CRR).

United States District Court, District of Columbia.

May 1, 1991.

---

Lola Hatcher–Capers, plaintiff, pro se.

Jay B. Stephens, U.S. Atty., District of Columbia, John D. Bates, and W. Mark Nebeker, Office of the U.S. Atty., District of Columbia, for defendant.

CHARLES R. RICHEY, District Judge.

Before the Court is the defendant's Motion to Dismiss or for Summary Judgment. The plaintiff, a federal employee, complains that the Postal Rate Commission has failed to promote her because of race and gender discrimination. The plaintiff has alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act, 29 U.S.C. § 201 *et seq.*, and intentional infliction of emotional distress. After carefully considering the defendant's motion and the supporting and opposing memoranda, the applicable law, and the entire record herein, the Court concludes that the defendant's motion shall be granted in part and denied in part. The Court shall dismiss the plaintiff's Equal Pay Act and tort claims and shall deny defendant's request for summary judgment on the Title VII claim.

## I. *Background*

The plaintiff is a black female who works as an attorney-advisor for the Office of General Counsel ("OGC") of the Postal Rate Commission ("Commission"), which is part of the Executive Branch. She began her career with the OGC in June 1980 at the pay level of EAS–19, and was promoted in July 1981. In November 1982, the plaintiff was again promoted to the EAS–25 level. Since then, the plaintiff has remained at the EAS–25 grade pay level.

The following facts submitted by the defendant were uncontroverted by the plaintiff.[1] In 1982, the Postal Rate Commission adopted a policy governing the grade structure of its staff offices. Defendant's Motion to Dismiss, Affidavit of Cyril J. Pittack

("Pittack Aff.") at ¶¶ 4–5. This policy affected promotions in OGC between EAS–25 and the next higher nonsupervisory professional grade, EAS–28. *Id.* The number of EAS–28 positions was limited to existing levels, and promotion to that grade became dependent upon a vacancy occurring. *Id.* The adoption of the OGC policy affected the promotion prospects of five attorneys in positions graded below EAS–28. These five individuals included the plaintiff, two white men and two white women. *Id.* ¶ 4.

Since 1982, the staffing level of the OGC has declined. As of December 31, 1982, there were three nonsupervisory attorneys graded at or above EAS–28 and five graded below that level. *Id.* When the plaintiff first contacted the Equal Opportunity Employment counselor in May 1989, there were still three attorneys graded EAS–28 or above, but only two at lower grades. One white man and one white woman, both graded EAS–25, and one white man graded EAS–22, had left the Commission. *Id.* Since late in 1982, no OGC attorney-advisors, at any grade, have received promotions. No new attorney positions have been filled since 1981. *Id.*

The instant dispute began on May 16, 1989 when the plaintiff contacted the Commission's Equal Employment Opportunity counselor. The plaintiff complained that she had not been promoted to the next-higher grade due to a 1982 change in the Commission's staffing policy, which limited the number of positions in the EAS–28 grade. The plaintiff complained that the policy had a disparate effect on black and female employees, and that she had become aware of this policy only within the preceding two weeks. Efforts to resolve the plaintiff's complaint were unsuccessful, and on June 7, 1989, the counselor issued the plaintiff a Notice of Right to File Discrimination Complaint.

On July 15, 1989, the plaintiff filed her agency complaint based on Title VII and the Equal Pay Act. On August 18, 1989, the Commission dismissed the Equal Pay

---

1. Due to plaintiff's failure to file a counterstatement of material facts in opposition to the defendant's summary judgment motion, the Court shall deem the material facts as admitted. *See* Local Rule 108(b) and (h); *Twist v. Meese,* 854 F.2d 1421, 1423–25 (D.C.Cir.1988).

Act claims for failure to state a claim and as untimely, and dismissed the Title VII claim as untimely. The plaintiff timely appealed the Commission's decision to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the Commission. By Decision dated November 27, 1989, the EEOC held that the plaintiff failed to state a claim under the Equal Pay Act and that the Title VII claim was untimely. The plaintiff filed a petition for the EEOC to reopen its decision, which it refused. The plaintiff then filed suit in this Court.

## II. *Analysis*

### A. *The Standard for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure requires that the Court grant a motion for summary judgment if the pleadings and supporting affidavits and other submissions "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). However, it is well established that the Court must believe the non-movant's evidence and draw all justifiable inferences in her favor. *Id.* at 255, 106 S.Ct. at 2513.

### B. *Intentional Infliction of Emotional Distress*

 The defendant is entitled to dismissal of the plaintiff's claim of intentional infliction of emotional distress. The plaintiff sues the defendant in his official capacity.[2] Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, as amended by the Federal Employees Liability Reform and Compensation Act of 1988, Pub.L. No. 100–694, a certification by the Attorney General or his designee that the

defendant acted within the scope of his employment during the events in question will substitute the United States as the exclusive defendant. According to the FTCA:

> The remedy against the United States provided by sections 1346(b) and 2672 … for injury … from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim.

28 U.S.C. § 2679(b)(1). Because a designee of the Attorney General has certified that the named defendant was acting within the scope of his individual duties, the United States must be substituted as the defendant, and the plaintiff cannot sue the named defendant in his individual capacity. *See Sowell v. American Cyanamid Co.*, 888 F.2d 802, 805 (11th Cir.1989) (and cases cited therein).

The FTCA provides the exclusive avenue for any remedy available to the plaintiff for her tort claim. Even if the plaintiff's tort claim qualifies as an action for which sovereign immunity has been waived under the FTCA, the Court lacks jurisdiction to entertain the claim where the plaintiff has failed to present it at the administrative level. As 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency …

*See GAF Corp. v. United States*, 818 F.2d 901, 904 & n. 86 (D.C.Cir.1987). Here, the record does not show that the plaintiff filed

---

**2.** Although the Complaint is unclear as to whether plaintiff was suing the defendant in his individual and/or official capacity, the plaintiff has clarified that she sues the defendant only in his official capacity. *See* Plaintiff's Comments on Defendant's Response Filed November 21, 1990 at 2.

her tort claim at the administrative level, nor does the Complaint allege that the plaintiff presented an administrative claim for intentional infliction of emotional distress.[3] Accordingly, the Court shall dismiss the plaintiff's claim for intentional infliction of emotional distress.

### C. *Title VII*

■ The defendant seeks dismissal of the plaintiff's Title VII claim as untimely.[4] The defendant argues that Title VII requires claimants to act within thirty days of the alleged discriminatory conduct, and that the plaintiff did not initiate her Title VII proceedings until several years after the Commission's adoption of the disputed promotion policy. The defendant further argues that the plaintiff has shown no grounds for equitable tolling of the statute of limitations, and has not alleged facts showing a continuing violation of Title VII. Although both the Commission and the EEOC concluded that the plaintiff's Title VII claim was untimely, on the present record, the Court cannot conclude at this stage that there is no genuine issue of material fact and that the defendant is entitled to judgment as a matter of law. Accordingly, the Court shall deny the defendant's motion to dismiss the plaintiff's Title VII claim as untimely.

Under EEOC regulations, a federal employee must submit a discrimination complaint to the agency counselor within thirty days of the alleged discriminatory event or action, *or* within thirty days of the date that she knew or reasonably should have known of the discriminatory event or action:

> An ... agency may accept the [EEOC] complaint for processing in accordance with this subpart only if:
>
> (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing

him/her to believe he/she had been discriminated against within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action ...

29 C.F.R. § 1613.214(a)(1). The plain language of the regulation provides that the thirty-day deadline for filing an administrative complaint depends on when the plaintiff knew or should have known of the discriminatory action or event. Moreover, courts have held that the timely filing of an EEOC charge is not a jurisdictional requirement to sue, but rather is like a statute of limitations which is subject to equitable tolling. *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C.Cir. 1985); *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C.Cir.1982); *see also, Mondy v. Secretary of Army*, 845 F.2d 1051, 1055 & n. 6 (D.C.Cir.1988). The plaintiff has "the burden of pleading and proving in the district court any equitable reasons for [her] failure to meet the thirty-day requirement." *Saltz*, 672 F.2d at 209.

The defendant sets forth a series of facts regarding the plaintiff's employment history, and asks the Court to conclude that plaintiff's alleged ignorance of the disputed promotion policy until 1989 is simply not credible. Essentially, the defendant argues as follows: the plaintiff has been employed in the Commission's OGC since June 1980. The plaintiff was promoted to the EAS–25 level on November 13, 1982. In October 1982, the plaintiff, then at the EAS–22 level, had inquired why no steps had been taken to promote her to EAS–25 and was informed that promotion was not a "right." The defendant then posits that, because the plaintiff had made this 1982

---

**3.** Even if the plaintiff had filed her tort claim with the Commission, her claim would fail because it alleges the same facts and is virtually identical to her Title VII claim, and Title VII provides the exclusive remedy for claims of discrimination in federal employment. *Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *see Dubose v. Brady*, 757 F.Supp.

774 (N.D.Tex.1991); *see also Rattner v. Bennett*, 701 F.Supp. 7, 9 (D.D.C.1988).

**4.** Because the defendant's motion presents matters outside the pleading, the Court shall treat the motion as one for summary judgment under Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b).

inquiry into the mechanics of promotions at the "journeyman" level, "it would have been reasonable for her to inform herself of those governing promotion into the limited ranks of EAS–28s." Defendant's Motion to Dismiss or for Summary Judgment at 11. The defendant asks the Court to adopt the reasoning of the Commission and the EEOC and hold that plaintiff's Title VII claim is untimely.

However, the defendant's argument obscures the central issue—whether the plaintiff has shown a genuine issue of material fact to survive summary judgment. The Court concludes that she has. The plaintiff alleges that she did not know of the disputed promotion policy of the Commission until May 1989, *see* Complaint ¶¶ 13–14, and she supports this allegation with an affidavit. *See* Plaintiff's Objection to Defendant's Motion to Dismiss or for Summary Judgment, Affidavit of Lola Hatcher–Capers ¶ 12. Although the defendant marshals a number of facts to show that the plaintiff must have known of the unwritten promotion policy of the Commission, the plaintiff's affidavit creates a genuine issue of material fact regarding whether she knew or should have known of the allegedly discriminatory promotion policy. At bottom, the defendant asks the Court to weigh the evidence and make a credibility determination that the plaintiff is not being truthful, or at least that it was facially unreasonable for her not to know about or inquire into the Commission's unwritten promotion policy.

Yet, "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment. . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Liberty Lobby,* 477 U.S. at 255, 106 S.Ct. at

2513. Because the plaintiff provides more than a mere scintilla of evidence to controvert the defendant's sole argument to her Title VII claim, the Court shall deny the defendant's motion for summary judgment on this claim.[5] Although the defendant's arguments might ultimately prove successful, the evidence on whether the plaintiff knew or should have known of the Commission's promotion policy long before she filed suit presents a genuine issue of material fact which precludes summary judgment.

### D. *Equal Pay Act*

Finally, the defendant moves for summary judgment on plaintiff's Equal Pay Act ("EPA") claim. The plaintiff alleges that the Commission's pay structure and promotion practice is connected to the sex of the employees, and states in an affidavit filed in support of her Title VII claim that she has the same responsibilities, assignments and duties, but is paid less than the attorneys in the EAS–28 grade.[6]

The defendant argues that there has been no violation of the EPA because any disparity in pay between the plaintiff and her co-workers is the outcome of a differential unconnected with the sex of the workers involved. *See* 29 U.S.C. § 206(d)(1)(iv). The defendant supports its allegation with an affidavit of the Commission's personnel officer, Cyril J. Pittack. Although only women remain in the EAS–25 positions, the defendant claims that this is not the result of any discrimination against women. According to the defendant, the present composition of the EAS–25 workforce exists only because the males who had been at the EAS–25 level had resigned, and the Commission has no need to fill any vacated positions. The plaintiff offers no competent evidence to dispute the defendant's explanation of the pay differential.[7]

---

5. The court does not reach the issue of whether the plaintiff has shown a continuing violation of Title VII.

6. *See* Plaintiff's Opposition to Defendant's Motion to Dismiss or for Summary Judgment, Affidavit of Lola Hatcher–Capers ¶¶ 12–14, 19.

7. Rather than producing any competent evidence to oppose the defendant's motion for summary judgment on the EPA claim, the plaintiff requested in her Opposition a stay of this case in its entirety so she could pursue her EPA claim at the administrative level. However, the plaintiff failed to file a properly supported mo-

The Equal Pay Act provides, in pertinent part:

> No employer ... shall discriminate ... between employees on the basis of sex by paying ... employees ... less than the rate at which he pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility.

29 U.S.C. § 206(d)(1). However, a difference in wages for equal work will not violate the Equal Pay Act if the employer can show that "such payment is made pursuant to ... a differential based on any factor other than sex." 29 U.S.C. § 206(d)(1)(iv).

■ To establish a prima facie case, the plaintiff must show that the defendant paid different wages to employees of opposite sexes for "substantially equal" work. *EEOC v. Maricopa County Comm. College Dist.*, 736 F.2d 510, 513 (9th Cir.1984). Even assuming that the plaintiff did enough to establish a prima facie case under the Equal Pay Act, she failed to produce any competent evidence to dispute the defendant's explanation for the pay differential. When the plaintiff makes a prima facie case that she was paid less than male employees for substantially the same work, the burden shifts to the employer to show that the wage differential is based on a factor other than sex. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); *Kouba v. Allstate Insurance Co.*, 691 F.2d 873, 875 (9th Cir.1982); *Girdis v. EEOC*, 688 F.Supp. 40, 45–46 (D.Mass.1987).

■ However, once the employer establishes under section 206(d)(1)(iv) that the pay differential is based on a factor other than sex:

The plaintiff cannot rest on the same evidence supporting her prima facie case of unequal pay for equal work. For purposes of this summary judgment motion under the Equal Pay Act, therefore, once the defendant has demonstrated some non-discriminatory reason for its payment policy, the burden shifts back to the plaintiff to produce evidence sufficient to raise an inference that the defendant's proffered reasons are not legitimate and serve merely as a cover for sex-based discrimination.

*Groussman v. Respiratory Home Care, Inc.*, 40 Fair Empl.Prac.Cas. (BNA) 122, 125, 1985 WL 5621 (C.D.Cal.1985) (citing *Derouin v. Litton Industrial Products, Inc.*, 37 Empl.Prac.Dec. (CCH) ¶ 35,398 at 38,577, 38,580, 618 F.Supp. 221 (E.D.Wisc. 1984) (burden shifts to plaintiff opposing summary judgment "to prove that these reasons are not legitimate and that they serve merely as a cover for sex-based discrimination"). The plaintiff's burden is merely to produce some competent evidence to show the existence of a genuine issue of material fact which would preclude granting summary judgment. *Groussman*, 40 Fair Empl.Prac.Cas. (BNA) at 125. The same evidence supporting the plaintiff's prima facie case under the Equal Pay Act rarely will be competent to rebut the defendant's showing of a legitimate business reason for a pay differential. *Id.* "[N]ormally the plaintiff will have to proffer evidence above and beyond that sufficient to make out a prima facie case." *Id.*

■ Here, the defendant produced evidence demonstrating legitimate business reasons for the pay differentials. The defendant has shown that the purpose of the promotion policy was to maintain a conventional balance between the numbers of

---

tion for a stay. Moreover, she had already pursued her EPA claim at the administrative level without success when she chose to file suit in this Court. In contrast to Title VII, the EPA "has no requirement of filing administrative complaints and awaiting administrative conciliation efforts," *County of Washington v. Gunther*, 452 U.S. 161, 175, 101 S.Ct. 2242, 2251, 68 L.Ed.2d 751 (1981), and the district court does not have discretion to require exhaustion of administrative remedies in EPA cases. *Ososky*

*v. Wick*, 704 F.2d 1264, 1266 (D.C.Cir.1983). As the *Ososky* court stated, "we do not believe that, in the ordinary EPA case, the court should stay the proceedings pending administrative hearings." Since the plaintiff has had sufficient time to gather evidence to support her EPA claim and fails to adequately justify her request for a stay, the Court shall deny her request. *See Colby v. J.C. Penney Co.*, 926 F.2d 645 (7th Cir. 1991).

**400**

journeymen and higher-graded attorneys, preserve the existing journeyman grade level, ensure promotion opportunities, and to control costs. Pittack Aff. ¶ 5; Defendant's Statement of Material Facts ¶ 11. The plaintiff then failed to produce competent evidence that the business reasons given by the defendant do not reasonably explain the salary differential. In the face of the defendant's properly supported motion for summary judgment, the plaintiff could not rest on her allegations. *See Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2510. The plaintiff's opposition to the defendant's motion for summary judgment only addressed the Title VII claim and was supported almost entirely by hearsay. In addition, the plaintiff filed an affidavit on April 12, 1991 which is also hearsay. However, Federal Rule of Civil Procedure 56(e) "specifies the form of the affidavits which may be employed in summary judgment procedures and requires that they be made on personal knowledge, setting forth such facts as would be admissible in evidence. Affidavits composed of hearsay and opinion evidence do not satisfy the requirements of Fed.R.Civ.P. 56(e) and must be disregarded." *State Mut. Life Assur. Co. v. Deer Creek Park,* 612 F.2d 259, 264 (6th Cir. 1979); *see Ritz v. O'Donnell,* 566 F.2d 731 (D.C.Cir.1977). Because plaintiff has not refuted the defendant's claims with competent evidence, the Court cannot allow the Equal Pay Act claim to go forward. "It is not the intent of Rule 56 to preserve purely speculative issues for trial...." *Exxon Corp. v. FTC,* 663 F.2d 120, 128 (D.C.Cir. 1980). Accordingly, the Court will grant the defendant's motion for summary judgment on the Equal Pay Act claim.

### III. *Conclusion*

For all of the foregoing reasons, the Court shall dismiss the plaintiff's claim for intentional infliction of emotional distress, shall deny the defendant's request to dismiss the plaintiff's Title VII claim, and shall grant summary judgment for the defendant on the Equal Pay Act claim.