**Lola HATCHER–CAPERS, Plaintiff,**

v.

**George W. HALEY, Chairman, Postal Rate Commission Defendant.**

Civ. A. No. 90–1162 (CRR).

United States District Court, District of Columbia.

Sept. 30, 1991.

Lola Hatcher–Capers, *pro se.*

Jay B. Stephens, U.S. Atty., District of Columbia, John D. Bates, James R. Layton, Office of U.S. Atty. for District of Columbia, Washington, D.C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court is the defendant's Second Motion for Summary Judgment, plaintiff's opposition thereto, and the defendant's reply. The plaintiff, a federal employee, complains that the Postal Rate Commission has failed to promote her because of race and gender discrimination. She initially alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act, 29 U.S.C. § 201 *et seq.*, and intentional infliction of emotional distress. In an Opinion filed on May 1, 1991, this Court dismissed the plaintiff's claim of intentional infliction of emotional distress, and granted the defendant's Motion for Summary Judgment on the Equal Pay Act claim. The Court denied the defendant's first Motion for Summary Judgment on the Title VII claim, because it concluded that there remained a genuine issue of material fact regarding whether the plaintiff's complaint was timely. In its present motion, the defendant claims that summary judgment must now

be granted on the Title VII claim because of further evidence of untimeliness in the plaintiff's deposition testimony.

Because, after careful consideration of the matter, the Court finds that the evidence in the deposition testimony does not resolve the dispute regarding timeliness, the defendant's Second Motion for Summary Judgment shall be denied.

## I. *Background*

The plaintiff is a black female who works as an attorney-advisor for the Office of General Counsel ("OGC") of the Postal Rate Commission ("Commission"), which is part of the Executive Branch. She began her career with the OGC in June 1980 at the pay level of EAS–19, and was promoted in July 1981. In November 1982, the plaintiff was again promoted to the EAS–25 level. Since then, the plaintiff has remained at the EAS–25 grade pay level.

In 1982, the Postal Rate Commission apparently adopted a policy governing the grade structure of its staff offices, in which it was determined that the number of promotions to the next grade pay grade level, EAS–28, would be limited to vacancies occurring.[1]

The instant dispute began on May 16, 1989 when the plaintiff contacted the Commission's Equal Employment Opportunity counselor. The plaintiff complained that she had not been promoted to the next-higher grade due to a 1982 change in the Commission's staffing policy, which limited the number of positions in the EAS–28 grade. The plaintiff complained that the policy had a disparate effect on black and female employees, and that she had become aware of this policy only within the preceding two weeks. Efforts to resolve the plaintiff's complaint were unsuccessful, and on June 7, 1989, the counselor issued the plaintiff a Notice of Right to File Discrimination Complaint.

On July 15, 1989, the plaintiff filed her agency complaint based on Title VII and the Equal Pay Act. On August 18, 1989, the Commission dismissed the Equal Pay Act claims for failure to state a claim and as untimely, and dismissed the Title VII claim as untimely. The plaintiff timely appealed the Commission's decision to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the Commission. By Decision dated November 27, 1989, the EEOC held that the plaintiff failed to state a claim under the Equal Pay Act and that the Title VII claim was untimely. The plaintiff filed a petition for the EEOC to reopen its decision, which it refused. The plaintiff then filed suit in this Court.

## II. *Analysis*

### A. The Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure requires that the Court grant a motion for summary judgment if the pleadings and supporting affidavits and other submissions "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). However, it is well established that the Court must believe the non-movant's evidence and draw all justifiable inferences in her favor. *Id.* at 255, 106 S.Ct. at 2513.

The defendant seeks dismissal of the plaintiff's one remaining claim as untimely under Title VII. The defendant argues that Title VII requires claimants to act within thirty days of the alleged discriminatory conduct, and that the plaintiff did not initiate her Title VII proceedings until several years after the Commission's adoption of the disputed promotion policy. The defendant further argues that the plaintiff has shown no grounds for equitable tolling of the statute of limitations, and has not alleged facts showing a continuing violation of Title VII. Although both the Commission and the EEOC con-

---

1. For a more detailed discussion of the facts of this case, *see* the Court's previous Opinion in this action, filed on May 1, 1991, 762 F.Supp. 393.

cluded that the plaintiff's Title VII claim was untimely, the Court cannot conclude at this stage, any more than it could when reviewing the previous motion, that there is no genuine issue of material fact and that the defendant is entitled to judgment as a matter of law.

■■■ Under EEOC regulations, a federal employee must submit a discrimination complaint to the agency counselor within thirty days of the alleged discriminatory event or action, *or* within thirty days of the date that she knew or reasonably should have known of the discriminatory event or action:

> An ... agency may accept the [EEOC] complaint for processing in accordance with this subpart only if:
>
> (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him/her to believe he/she had been discriminated against within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action ...

29 C.F.R. § 1613.214(a)(1). The plain language of the regulation provides that the thirty-day deadline for filing an administrative complaint depends on when the plaintiff knew or should have known of the discriminatory action or event. Moreover, courts have held that the timely filing of an EEOC charge is not a jurisdictional requirement to sue, but rather is like a statute of limitations which is subject to equitable tolling. *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C.Cir. 1985); *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C.Cir.1982); *see also, Mondy v. Secretary of Army*, 845 F.2d 1051, 1055 & n. 6 (D.C.Cir.1988). The plaintiff has "the burden of pleading and proving in the district court any equitable reasons for [her] failure to meet the thirty-day requirement." *Saltz*, 672 F.2d at 209.

The defendant sets forth a series of facts regarding the plaintiff's employment histo-ry, and asks the Court to conclude that plaintiff's alleged ignorance of the disputed promotion policy until 1989 is simply not credible. In its first motion, the defendant essentially argued as follows: the plaintiff has been employed in the Commission's OGC since June 1980. The plaintiff was promoted to the EAS–25 level on November 13, 1982. In October 1982, the plaintiff, then at the EAS–22 level, had inquired why no steps had been taken to promote her to EAS–25 and was informed that promotion was not a "right." The defendant then posited that, because the plaintiff had made this 1982 inquiry into the mechanics of promotions at the "journeyman" level, "it would have been reasonable for her to inform herself of those governing promotion into the limited ranks of EAS–28s." Defendant's [first] Motion to Dismiss or for Summary Judgment at 11. The defendant asked the Court to adopt the reasoning of the Commission and the EEOC and hold that plaintiff's Title VII claim was untimely.

The Court declined to do so before because it found that the plaintiff had shown a genuine issue of material fact. The plaintiff alleged that she did not know of the disputed promotion policy of the Commission until May 1989, *see* Complaint ¶¶ 13–14, and she supports this allegation with an affidavit. *See* Plaintiff's Objection to Defendant's Motion to Dismiss or for Summary Judgment, Affidavit of Lola Hatcher–Capers ¶ 12. Although the defendant marshalled a number of facts to show that the plaintiff must have known of the unwritten promotion policy of the Commission, the plaintiff's affidavit created a genuine issue of material fact regarding whether she knew or should have known of the allegedly discriminatory promotion policy.

The defendant asks the Court to change this ruling because of the plaintiff's deposition testimony of July 24, 1991. The defendant asserts that the testimony shows that by 1982 she had attributed the delays in promotion to racial and gender bias. *See* July 24, 1991 Deposition of Lola Hatcher–Capers ("Dep.") at 28–32. The defendant

cites a passage which includes the following:

Q. But your career ladder started with a movement from EAS–19 to EAS–21, is that—or 22.

A. 22.

Q. And a year later from EAS–22 to EAS–25. Is that right?

A. Yes.

Q. What did you expect the next step on your career ladder would be?

A. 28.

Q. When you had had a promotion in 1981 and another promotion in 1982, when did you expect your next promotion to come?

A. Well, generally, I thought it would be about three or four years.

Dep. at 71–72.

The defendant asserts that this testimony proves that the plaintiff "should have known of the discriminatory event or personnel action" under 29 C.F.R. § 1613.-214(a)(1), because she expected a promotion in 1985 and did not receive it, and she then believed that her promotions were withheld because of her race and sex. Therefore she was on notice of adverse agency action in 1985.

The plaintiff disputes this interpretation of her testimony. She states that she did not know the applicable time span of the progression from EAS–25 to EAS–28, and cites other deposition testimony to support her claim:

A. Well, I understood that the way that you could get promotions right on up to whatever was the top level. I mean, there wasn't anything said about what time period, space or whatever. I just had a general understanding.

Q. ... Your understanding from your conversation with Ms. Simkins and Ms. Brody, as of June 1982, you speak of in your affidavit, was that after the first year there would be a promotion. After the second year there would be a promotion and then promotions would con-

tinue up to whatever the highest level was?

A. Yes.

Q. At about what interval would they continue? That one year that they had spoken of?

A. I really do not recall, but I do not remember anything—I remember looking at the administrative manual and I don't remember anything saying, you know, contrary to that. The administrative manual just kind of had a general statement that as your responsibilities increased and it was like, well, if you were given those responsibilities, then you would be considered for a promotion to whatever grade level that responsibility was for, that kind of thing.

Dep. at 18–19.

Despite the defendant's contentions, the factual dispute remains. The deposition testimony appears subject to more than one interpretation. At bottom, the defendant again asks the Court to weigh the evidence and make a credibility determination that the plaintiff is not being truthful, or at least that it was facially unreasonable for her not to know about or inquire into the Commission's unwritten promotion policy.

Yet, "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ... ruling on a motion for summary judgment.... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Liberty Lobby,* 477 U.S. at 255, 106 S.Ct. at 2513. Because the plaintiff provides more than a mere scintilla of evidence to controvert the defendant's argument, the Court once again shall deny the defendant's motion for summary judgment on this claim.[2] Although the defendant's arguments might ultimately prove successful, the evidence on whether the plaintiff knew or should have known of the Commission's promotion policy long before she filed suit presents a

---

**2.** The court once more does not reach the issue of whether the plaintiff has shown a continuing violation of Title VII.

genuine issue of material fact which precludes summary judgment.

### III. *Conclusion*

For all of the foregoing reasons, the Court shall deny the defendant's Second Motion for Summary Judgment.