**Leroy SMITH, Plaintiff,**

v.

**John H. DALTON, Secretary, Department of the Navy, Defendant.**

Civil Action No. 96–1994 (JR).

United States District Court,
District of Columbia.

June 24, 1997.

**2**

Leroy Smith, Washington, DC, pro se.

Jonathan L. Kaplan, Special Asst. U.S. Atty., Washington, DC, for Defendant.

### MEMORANDUM

ROBERTSON, District Judge.

Plaintiff, an African–American male proceeding *pro se,* brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34, alleging discrimination on the basis of race, sex, and age, and reprisal. Defendant has moved to dismiss, or in the alternative for summary judgment. For the reasons stated below, summary judgment will be granted for the defendant.

*Facts*

Plaintiff has been employed by defendant United States Department of Navy since 1943, and he has held the position of Accounting Technician with the Facilities and Services Department since 1988. In December 1989, plaintiff filed a complaint with the Navy's EEO counselor, alleging that he was being harassed and had been unfairly denied a promotion. In August 1991, plaintiff applied for, and was denied, the position of Facilities and Services Assistant. On December 3, 1991, plaintiff filed a second formal complaint with the EEO office, alleging discrimination on the basis of race, sex, and age, and reprisal for the earlier complaint. The two complaints were merged for administrative purposes.

The Navy conducted an investigation and issued a report, finding no prima facie case of discrimination or reprisal. Plaintiff submitted a timely request for a hearing before an EEOC administrative judge. That hearing was scheduled for December 1, 1993, but, because of plaintiff's failure to respond to the notice of the hearing, the EEOC canceled it on November 22, 1993, and remanded the matter to the Navy. On November 30, 1994, the Navy issued its decision, finding no evidence of discrimination. That decision advised plaintiff that he had 30 days after

receipt to file an appeal with the EEOC, or 90 days after receipt to file a civil action if he elected not to appeal. The record indicates that plaintiff received the Navy's decision on December 13, 1994.

On January 13, 1995, plaintiff filed a notice of appeal with the EEOC of the Navy's final decision, one day after the 30–day time period elapsed. On May 2, 1995, the EEOC dismissed the appeal for untimeliness and advised plaintiff of his right to file a petition for reconsideration, a right which plaintiff exercised. In his motion for reconsideration, plaintiff admitted he had mistakenly assumed thirty days was equivalent to a month, but argued that the "time factors" had "deprived him of due process." On May 23, 1996, EEOC rejected the plaintiff's request for reconsideration on the basis of equitable tolling, ruling that miscalculation of the 30–day period was an insufficient basis to toll the statutory time period. In its decision, the EEOC informed plaintiff of his right to file a civil action within 90 days of receipt of its final decision. Plaintiff received the EEOC's final decision by certified mail, signed for on May 29, 1996. See Exh. 16. Plaintiff filed this present action on August 28, 1996, 91 days after he received the EEOC's final decision.

*Analysis*

Defendant moves for summary judgment on the grounds that plaintiff failed to file his complaint in a timely manner; that he failed to timely exhaust his Title VII administrative remedies; and that he failed to state a claim as a matter of law.[1]

A federal employee may file a civil action in district court under Title VII and ADEA "within 90 days of receipt of notice of final action taken by a department, agency . . . or the [EEOC]." 42 U.S.C. § 2000e–16(c); *see also* 29 C.F.R. § 1614.408. Under the ADEA, a plaintiff also has the option of bypassing the administrative level entirely and filing initially in district court. 29 U.S.C. § 633a; 29 C.F.R. § 1614.201(a).

---

1. The government has introduced supplemental documents in its motion, and accordingly, it will

be treated as a motion for summary judgment.

It is undisputed that the EEOC issued its final decision denying plaintiff's petition for reconsideration on May 23, 1996, and that plaintiff received notice of the decision on May 29, 1996. The EEOC decision clearly advised plaintiff of his right to file a civil action "within ninety calendar days from the date you receive this decision." (Deft. Mot; Exh. 15).

■ Plaintiff first argues that the complaint was timely filed on August 27, 1996, notwithstanding that the original complaint and the receipt for payment of the filing fee are both date-stamped August 28, 1996, and that the Court's docket entry reflects the August 28, 1996, filing date. Plaintiff was given a summons bearing the date of August 27, 1996, and relies upon that summons as proof that he filed the action on August 27, but the date of the filing is established by the official docket.[2]

■ The court has the power to toll the statute of limitations imposed by Title VII and ADEA. The Supreme Court has suggested in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam), that courts may properly allow tolling where "a claimant has received inadequate notice, . . . where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, . . . where the court has led the plaintiff to believe that she had done everything required of her, . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Id.* at 151, 104 S.Ct. at 1725–26 (citations omitted). The tolling power is to be exercised only in extraordinary circumstances, however. *Mondy v. Secretary of the Army,* 845 F.2d 1051, 1057 (D.C.Cir.1988).

■ Plaintiff has the burden of pleading and proving any equitable reasons for his failure to meet the 90–day time limit. *See*

*Saltz v. Lehman,* 672 F.2d 207, 209 (D.C.Cir. 1982). His proffered reasons—that the time limitations established by law are an "effective tool for the system" that create "pit falls throughout the process" and that as a *pro se* litigant he is no "match" for defense counsel—are not sufficient for the invocation of equitable tolling. The Supreme Court has cautioned that congressionally mandated time requirements "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center,* 466 U.S. at 152, 104 S.Ct. at 1726. Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply, it does not come into play until a factor is identified that might justify such tolling. Absence of prejudice is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures. *Id.* In the absence of any allegations meeting the standard for equitable tolling set forth in *Baldwin,* plaintiff's complaint must be dismissed as untimely.[3]

■ Plaintiff's claim of "continuing harassment" seeks judicial relief for incidents of discrimination on the basis of age, gender, and race that occurred during the pendency of his original charge (through December, 1995). If plaintiff's claim is reasonably related to the administrative complaints plaintiff filed before filing his judicial complaint, plaintiff is not required to exhaust his administrative requirements or give the EEOC notice as to this claim. *Thorne v. Cavazos,* 744 F.Supp. 348, 351 (D.D.C.1990); *see also* 29 U.S.C. § 633a(d)(plaintiff may file ADEA judicial complaint without exhausting administrative remedies if given EEOC notice). However, the court may exercise supplemental jurisdiction over this claim only if the underlying claims of discrimination raised in the administrative charge are properly be-

---

2. The Court notes that the summons with the August 27 date was apparently not served, that the summons for defendant Dalton was reissued on January 7, 1997, and that the complaint was not served on defendant until after the expiration of the 120–day period provided by Fed.R.Civ.P. 4(m).

3. Plaintiff filed a motion for appointment of counsel on May 22, 1997, *after* defendant moved to dismiss, and thus the equities do not justify tolling on the basis of plaintiff's pending motion. *See Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir.1972) (tolling justified where plaintiff filed request for counsel within statutory period).

**4**

fore this court. *See Coombs v. Secretary of the Department of Veteran Affairs,* No. 92–1785 (D.D.C. Feb. 23, 1996), Exh. 3. Because the underlying complaint was untimely filed, plaintiff's claim of "continuing harassment" must also be dismissed.

Having determined that plaintiff's complaint must be dismissed as untimely, the court need not reach the additional grounds by which defendant sought to dismiss the complaint. An appropriate order accompanies this memorandum.

### ORDER

Upon consideration of defendant's motion to dismiss, or in the alternative for summary judgment, the opposition thereto, the entire record, and for the reasons stated in the accompanying memorandum, it is this 24th day of June, 1997,

**ORDERED** that plaintiff's request for appointment of counsel [# 18] is *denied.* And it is

**FURTHER ORDERED** that defendant's motion for summary judgment [# 11] is *granted* and plaintiff's complaint is *dismissed.*