**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| WILLIAM E. DYSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-cv-663 (KBJ) |
| | ) | |
| CHUCK HAGEL, *Secretary of Defense*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

In July of 2013, the Department of Defense ("DOD") terminated Plaintiff's employment purportedly due to his failure to maintain the requisite security clearance. (Compl., ECF No. 1, ¶ 10.) Plaintiff appealed DOD's termination decision to the EEOC, alleging that DOD had unlawfully discriminated against him based on race and age. (Ex. A to Compl. ("Ex. A"), ECF No. 1-2, at 1.) On January 16, 2014, the EEOC issued a decision that dismissed Plaintiff's appeal, and Plaintiff received word of that determination the following day (January 17, 2014). (*See id.* at 3-4; Compl. ¶ 2.) The EEOC's determination letter also clearly advised Plaintiff that he had 90 days to file a civil action (Ex. A at 4), but Plaintiff did not file a complaint until April 18, 2014—*i.e.*, 91 days later.

A federal employee may file a civil action in district court under Title VII and ADEA "within 90 days of receipt of notice of final action taken by a department, agency . . . or the [EEOC]." 42 U.S.C. § 2000e–16(c); *see also* 29 C.F.R. § 1614.408. The 90-day time limit "functions like a statute of limitations[,]" *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006), and although a court has the power to toll this

limitations period, it can only exercise that power in "extraordinary circumstances." *Smith v. Dalton*, 971 F. Supp. 1, 3 (D.D.C. 1997) (citing *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988)). A "[p]laintiff has the burden of pleading and proving any equitable reasons for his failure to meet the 90-day time limit." *Id.* (citing *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982)). Failure to meet this burden is grounds for dismissal. *Na'im v. Rice*, 577 F. Supp. 2d 361, 371 (D.D.C. 2008) (*sua sponte* dismissing employment discrimination claim where plaintiff filed suit more than 90 days after she received EEOC's right-to-sue letter); *see also Davis v. Gables Residential/H.G. Smithy*, 525 F. Supp. 2d 87, 98 (D.D.C. 2007) (dismissing complaint as time-barred where plaintiff acknowledged receipt of right-to-sue letter, but filed his complaint more than 90 days later); *Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C. 1995) (dismissing complaint filed 97 days after EEOC issued right-to-sue letter). Moreover, "[t]he mere fact that a plaintiff is representing [himself] does not render him immune" from the 90-day deadline. *Horsey v. Harris*, 953 F. Supp. 2d 203, 210 (D.D.C. 2013) (internal quotation marks and citation omitted).

On May 5, 2014, this Court ordered Plaintiff to show cause by May 27, 2014, why this case should not be dismissed for failure to meet the 90-day deadline. Plaintiff filed no response to that Order, and he pleads no facts in his complaint that would otherwise allow this Court to equitably toll the 90-day deadline. Accordingly, this Court will dismiss the complaint as untimely under 42 U.S.C. § 2000e-16(c).

A separate, final order accompanies the Memorandum Opinion.

DATE: July 2, 2014

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge